Dorrell R. COULTHRUST, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 05–4151.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 23, 2006.

Filed April 26, 2006.

Dorrell Richenson, Milan, NM, pro se.

John D. Williams, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: ROTH, RENDELL and
AMBRO, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Dorrell Coulthrust petitions for review of an order of the Board of Immigration Appeals (BIA or Board) denying his motion to reopen his immigration proceedings. For the reasons that follow, we will deny the petition.

In April 2003, an immigration judge (IJ) ordered Coulthrust deported to Barbados. On December 15, 2003, the BIA affirmed the IJ's order. On July 28, 2004, this Court dismissed Coulthrust's petition for review of the BIA's order, and on October 13, 2004, we denied Coulthrust's petition

for rehearing. On July 11, 2005, Coulthrust filed a motion to reopen the immigration proceedings with the BIA. The BIA denied the motion as untimely, and Coulthrust subsequently filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. We review the Board's denial of a motion to reopen for an abuse of discretion with "broad deference" to its decision. *Ezeagwuna v. Ashcroft,* 325 F.3d 396, 409 (3d Cir.2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft,* 290 F.3d 166, 174 (3d Cir.2002). A motion to reopen must be filed no more than ninety days after the final administrative decision was rendered. *See* 8 C.F.R § 1003.2(c)(2).[1]

Here, Coulthrust concedes that the motion to reopen was filed more than a year past the time allowed for such motions. Coulthrust argued in his motion to reopen that he has requested records through Freedom of Information Act requests but the Department of Homeland Security has not yet provided those records. However, Coulthrust does not describe these records or explain how they would prove that he is a United States national or undermine the BIA's conclusion that he is an aggravated felon subject to deportation.

We find no basis to conclude that the BIA abused its discretion in denying Coulthrust's motion to reopen. Accordingly, we will deny the petition for review.

---

1. There are exceptions to this deadline which are not applicable here. *See* 8 C.F.R. § 1003.2(c)(3).